**UNITED STATES of America,**
**Appellee,**

v.

**Juan Carlos MELENDEZ,**
**Defendant–Appellant.**

**No. 12–4181–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 24, 2014.

Randolph Z. Volkell, Merrick, NY, for Defendant–Appellant.

Deborah R. Slater (Robert M. Spector, on the brief), Assistant United States Attorneys, for Dierdre M. Daly, Acting United States Attorney for the District of Connecticut, New Haven, CT, for the United States.

PRESENT: RICHARD C. WESLEY, PETER W. HALL and DENNY CHIN, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Juan Carlos Melendez appeals his sentence following his plea of guilty to a single count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). He and the government agreed that the sentencing guidelines recommended a 210–262 month sentence, but that the statutory maximum was 240 months. The district court rejected the applicability of one sentencing enhancement agreed to by the parties, and recalculated the guidelines at 168–210 months. The court then sentenced Melendez to 168 months' imprisonment. Melendez now appeals his sentence and we affirm. In explaining our decision, we assume the parties' familiarity with the case.

Melendez's sole argument is that his sentence is substantively unreasonable. Our substantive review of district court sentencing is deferential. We reverse "only those sentences that are . . . shockingly high, [or] shockingly low." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir.2012). We have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). Nonetheless, we have declined to establish a presumption of reasonableness for guidelines sentences. *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir.2010).

In this case, the district court carefully considered the guidelines, weighed the facts, and imposed a sentence that was below what the guidelines would have called for in the absence of a statutory maximum. The district court found that Melendez showed little remorse for his actions and that he was likely to reoffend if

he were released. The court also found that Melendez was more than a mere passive recipient of his contraband, unlike other child pornography defendants who had received more lenient sentences. As Melendez points out, there are a number of factors in his case that favored a lenient sentence. However, it is undisputed that the court considered these. In light of all of the district court's factual findings, we have no trouble concluding that Melendez's sentence was reasonable.

For the foregoing reasons, we **AFFIRM** the district court's judgement.